

FILED
Jan 14, 2022
01:48 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| **WHITNEY RAE ASBERRY,** | ) | **Docket No. 2021-04-0171** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 35868-2021** |
| **CUMMINS FILTRATION,** | ) | |
| **Self-Insured Employer.** | ) | **Judge Robert Durham** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court held a hearing on January 13, 2022, on Cummins's Motion for Summary Judgment. Cummins asserted it is entitled to summary judgment on the issue of causation, given that the authorized physician gave an opinion that Ms. Asberry's left-arm symptoms are not causally related to her employment, and she has not provided any contrary medical evidence. For the reasons below, the Court holds that Cummins is entitled to summary judgment.

## History of Claim

Ms. Asberry is employed by Cummins as a production assistant. She alleged that on March 20, 2021, she engaged in repetitive work with her left arm that included lifting objects that weighed up to fifty pounds. She awoke the next day with significant pain in her left elbow, wrist, and hand.

According to Cummins's Statement of Undisputed Facts, Ms. Asberry underwent various diagnostic tests that did not reveal any abnormalities. She received authorized treatment with orthopedist John Turnbull, who diagnosed her with an elbow strain. However, he could not say within a reasonable degree of medical certainty that her symptoms were work-related. After receiving this opinion, Cummins denied Ms. Asberry's claim. Ms. Asberry continued to treat with Dr. Turnbull, but he eventually released her to return to full duty with no restrictions.

Cummins introduced an affidavit from Dr. Turnbull, in which he gave his opinion that Ms. Asberry's alleged left arm injury did not arise primarily out of and in the course

1

and scope of her employment with Cummins, nor did this alleged injury contribute more than fifty percent in causing disablement or the need for future medical treatment.

Ms. Asberry did not offer any response to the Statement of Undisputed Facts or any medical opinions contrary to Dr. Turnbull's. She also did not attend the motion hearing.

**Law and Analysis**

A party moving for summary judgment shall prevail if it: (1) submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2021). The burden is on the moving party to "demonstrate that no genuine issues of material fact exist and that the moving party is entitled to a judgment as a matter of law. *Armstrong v. Chattanooga Billiard Club*, 2020 TN Wrk. Comp. App. Bd. LEXIS 40, at *10 (Jan. 21, 2020).

Once the moving party has provided grounds for summary judgment, the burden shifts to the nonmoving party to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id*. at *11. In considering the evidence, the Court "must view the evidence in the light most favorable to the non-moving party and must also draw all reasonable inferences in favor of the non-moving party." *Williamson v. Prof'l Care Serv.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 43, at *3,4 (Aug. 18, 2018).

To prove a compensable injury, Ms. Asberry must show that she sustained an injury that arose primarily out of and in the course and scope of her employment, and she must prove this element by expert medical opinion. *See* Tenn. Code Ann. § 50-6-102(14). She must show to a reasonable degree of medical certainty that her work activities contributed more than fifty percent in causing her left arm symptoms, considering all causes. Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *Id*.

Here, the only medical opinion regarding causation is from Dr. Turnbull. He unequivocally stated in his affidavit that Ms. Asberry's alleged injury did not meet the statutory definition of causation under Tennessee Code Annotated section 50-6-102(14). Ms. Asberry did not provide any contrary evidence.

Thus, the Court holds that Cummins met its burden by showing that "no genuine issues of material fact exist" as to causation and that it is "entitled to a judgment as a matter of law." *Armstrong*, at *10. The Court grants summary judgment in favor of Cummins, and Ms. Asberry's claim for benefits is dismissed with prejudice.

2

IT IS, THEREFORE, ORDERED that:

1. Cummins's Motion for Summary Judgment is granted, and Ms. Asberry's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this Order shall become final in thirty days.

3. The filing fee of $150.00 is taxed to Cummins under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk and for which execution might issue as necessary.

4. Cummins shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED January 14, 2022.**

_____

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on January 14, 2022.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Whitney Asberry | | | X | Bluehurricane1989@gmail.com |
| Frederick R. Baker | | | X | fbaker@wimberlylawson.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*